Scan

FILED
CLERK, U.S. DISTRICT COURT

FEB 27 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

1  Robert D. Phillips, Jr. (SBN 82639)
   rphillips@reedsmith.com
2  Marshall C. Wallace (SBN 127103)
   mwallace@reedsmith.com
3  Thomas A. Evans (SBN 202841)
   tevans@reedsmith.com
4  REED SMITH LLP
   1999 Harrison Street, Suite 2400
5  Oakland, CA 94612-3572
   Telephone:  510.763.2000
6  Facsimile:  510.273.8832

7  Terry B. Bates (SBN 115420)
   tbates@reedsmith.com
8  Eric C. Schaffer (SBN 221883)
   ecschaffer@reedsmith.com
9  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
10 Los Angeles, CA 90071
   Telephone: 213.457.8000
11 Facsimile:  213.457.8080

12 Attorneys for Defendants Defendants
   National Life Insurance Company and
13 Sammons Financial Group, Inc.

14           UNITED STATES DISTRICT COURT

15           CENTRAL DISTRICT OF CALIFORNIA

16                 WESTERN DIVISION

17 CARMEN MIGLIACCIO, MARY P.           Case No. 2:06-CV-01007-CAS (MANx)
   MUNOZ, and ROBERT D. KAISER, on
18 Behalf of Themselves and All Others   **DEFENDANTS' AMENDED
   Similarly Situated,                   ANSWER TO FIRST AMENDED
19                                        CLASS ACTION COMPLAINT**
                      Plaintiffs,
20                                        Honorable Christina A. Snyder
21            vs.

22 MIDLAND NATIONAL LIFE
   INSURANCE COMPANY, an Iowa
23 corporation, and SAMMONS
   FINANCIAL GROUP, INC., a Delaware
24 corporation,

25                     Defendants.

DOCKETED ON CM

MAR 1 - 2007

BY                010

26     Defendant Midland National Life Insurance Company ("Defendants") and

27 Defendant Sammons Financial Group, Inc. ("SFG" and together with Midland,

28 "Defendants") answer the First Amended Class Action Complaint ("FAC") of

                              – 1 –

LODGED
REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Plaintiffs Carmen Migliaccio ("Mrs. Migliaccio"), Mary P. Munoz ("Ms. Munoz"),

2   and Robert D. Kaiser ("Mr. Kaiser"), as follows:

3       1.      Defendants admit the material allegations of Paragraph 1 of the FAC and

4   of footnote 1 thereto.

5       2.      Defendants deny that Plaintiffs or the class of persons Plaintiffs purport

6   to represent have sustained any injury, damage or loss, by reason of any act, error or

7   omission by Defendants or otherwise and deny that Defendants are liable for any

8   damages or other remedy.  Except as thus expressly denied, Defendants lack

9   knowledge or information sufficient to form a belief as to the truth of the remaining

10  allegations of Paragraph 2 of the FAC and on that basis deny each remaining

11  allegation of Paragraph 2 of the FAC.

12      3.      Midland admits that its annuity products have been sold in this judicial

13  district.  Except as thus expressly admitted, Defendants deny the remaining allegations

14  of Paragraph 3 of the FAC.

15      4.      Defendants deny that they have engaged in any fraudulent scheme, and

16  deny all allegations in the first sentence of Paragraph 4 of the FAC.  Defendants admit

17  the remaining allegations of Paragraph 4 of the FAC.

18      5.      Defendants lack knowledge or information sufficient to form a belief as

19  to the truth of the allegations in the first sentence of Paragraph 5 because the term

20  "asset accumulation investment product" is not defined in the FAC, and on that basis,

21  deny this allegation.  Defendants state that the publication *Actuarial Aspects of*

22  *Individual Life Insurance and Annuity Contracts* speaks for itself.

23      6.      Defendants deny that Paragraph 6 of the FAC accurately describes the

24  expectations of all annuitants or that annuitants are offered an option to "invest."

25  Defendants further deny each allegation set forth in footnote 2 of the FAC.

26  Defendants admit the remaining allegations of Paragraph 6 of the FAC.

27      7.      Defendants admit on information and belief that the percentages alleged

28  in footnote 3 of the FAC are accurate.  Defendants state that the September 2004 A.M.

– 2 –

1  Best report and statutes cited by Plaintiffs in Paragraph 7 speak for themselves.
2  Defendants deny the remaining allegations of Paragraph 7 of the FAC and of footnote
3  3 thereto.
4      8.      Defendants deny that each state requires disclosure of all facts and
5  information "which may be material" to a purchase decision. Defendants state that the
6  statutes cited by Plaintiffs in Paragraph 8 speak for themselves and otherwise deny the
7  remaining allegations of Paragraph 8 of the FAC.
8      9.      Defendants deny each allegation of Paragraph 9 of the FAC.
9      10.     Defendants deny each allegation of Paragraph 10 of the FAC.
10     11.     Defendants deny each allegation of Paragraph 11 of the FAC.
11     12.     Defendants deny that Plaintiffs are entitled to the relief described in
12  Paragraph 12 of the FAC, or any other relief, and deny each remaining allegation of
13  Paragraph 12 of the FAC.
14     13.     Defendants admit that Mrs. Migliaccio was a beneficiary of the Midland
15  annuity contract ("Migliaccio Annuity Contract") purchased by John Migliaccio ("Mr.
16  Migliaccio"). Except as thus expressly admitted, Defendants lack knowledge or
17  information sufficient to form a belief as to the truth of the remaining allegations of
18  Paragraph 13 of the FAC and on that basis deny each remaining allegation of
19  Paragraph 13 of the FAC.
20     14.     Defendants admit that Mrs. Migliaccio was a beneficiary of the
21  Migliaccio Annuity Contract. The remaining allegations of Paragraph 14 of the FAC
22  constitute legal conclusions to which no response is required.
23     15.     The allegations of Paragraph 15 of the FAC constitute legal conclusions
24  to which no response is required.
25     16.     Defendants lack knowledge or information sufficient to form a belief as
26  to the truth of the allegations of Paragraph 16 of the FAC and on that basis deny each
27  such allegation.
28     17.     Defendants lack knowledge or information sufficient to form a belief as

— 3 —

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 │ to the truth of the allegations of Paragraph 17 of the FAC and on that basis deny each

2 │ such allegation.

3 │      18.    Defendants admit the allegations of Paragraph 18 of the FAC.

4 │      19.    Defendants deny that the independent brokers appointed by Midland are

5 │ their agents and otherwise deny any agency allegations. To the extent Plaintiffs allege

6 │ that the Sammons Annuity Group is a distinct entity or enterprise, Defendants deny

7 │ such allegations. Defendants admit the remaining allegations of Paragraph 19 of the

8 │ FAC.

9 │      20.    Defendants state that Midland's annual statement speaks for itself.

10 │ Defendants deny each remaining allegation of Paragraph 20 of the FAC.

11 │      21.    Defendants admit the allegations of the first, third and fourth sentences of

12 │ Paragraph 21 of the FAC. Defendants admit the allegations of the second sentence,

13 │ except as to SAG, which is not a separate entity or enterprise. Except as thus

14 │ expressly admitted, Defendants deny the remaining allegations of Paragraph 21 of the

15 │ FAC.

16 │      22.    Defendants deny each allegation of Paragraph 22 of the FAC.

17 │      23.    Defendants deny each allegation of Paragraph 23 of the FAC.

18 │      24.    Defendants admit that Midland created an annuity division in 1999.

19 │ Except as thus expressly admitted, Defendants deny each remaining allegation of

20 │ Paragraph 24 of the FAC.

21 │      25.    Defendants admit the allegations of Paragraph 25 of the FAC except as to

22 │ Plaintiffs' characterization of the purpose of forming SAG and deny those allegations.

23 │      26.    Defendants deny each allegation of Paragraph 26 of the FAC except

24 │ admit that SAG, which is not a separate entity, is a business unit involved in the

25 │ development and distribution of annuities.

26 │      27.    Defendants deny each allegation of Paragraph 27 of the FAC.

27 │      28.    Defendants state that SFG's annual statement speaks for itself and

28 │ otherwise deny each allegation of Paragraph 28 of the FAC.

DOCSOAK-9864549.2-MTSAI

1     29.     Defendants deny that the independent brokers appointed by Midland are

2   their agents and otherwise deny any agency allegations.  Defendants admit that the

3   independent brokers appointed by Midland market and sell deferred annuities issued

4   by other insurers.  Except as thus expressly admitted or denied, Defendants deny each

5   remaining allegation of Paragraph 29 of the FAC and of footnote 4 thereto.

6     30.     Defendants deny each allegation of Paragraph 30 of the FAC.

7     31.     Defendants deny each allegation of Paragraph 31 of the FAC.

8     32.     Defendants deny each allegation of Paragraph 32 of the FAC.

9     33.     Defendants deny that the independent brokers appointed by Midland are

10   their agents and otherwise deny any agency allegations.  Defendants admit that

11   Midland offers incentives to the independent brokers based on production levels.

12   Except as thus expressly admitted or denied, Defendants deny each remaining

13   allegation of Paragraph 33 of the FAC

14     34.     Defendants deny each allegation of Paragraphs 34 and 35 of the FAC.

15     35.     Defendants state that Midland's advertisements speak for themselves and

16   otherwise deny each allegation of Paragraph 36 of the FAC.

17     36.     Defendants deny each allegation of Paragraphs 37, 38, 39, 40, 41, 42 and

18   43 of the FAC.

19     37.     Defendants deny that Midland intentionally conceals, omits or fails to

20   disclose material information about the attributes and risks of Midland deferred

21   annuities and otherwise deny each allegation of Paragraph 44 of the FAC.

22     38.     Defendants deny each allegation of Paragraphs 45 and 46 of the FAC.

23     39.     Defendants admit that Midland provides to independent brokers

24   disclosure forms and product brochures with respect to Midland deferred annuities.

25   Except as thus expressly admitted, Defendants deny each remaining allegation of

26   Paragraph 47 of the FAC.

27     40.     Defendants admit that Midland provides to independent brokers

28   appointed by it, disclosure forms and product brochures for Midland deferred

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 5 –

1 annuities and that Midland requires that such independent brokers submit completed

2 annuity applications for approval. Except as thus expressly admitted, Defendants

3 deny each remaining allegation of Paragraph 48 of the FAC.

4      41. Defendants deny each allegation of Paragraphs 49 and 50 of the FAC.

5      42. Defendants state that Cal. Ins. Code §§781 and 10509.8; Fla. Stat.

6 §626.9541(1) (1) and (aa); and Ohio Admin. Code Ann. §3901-6-05 speak for

7 themselves and otherwise deny each allegation of Paragraph 51 of the FAC and of

8 footnote 5 thereto.

9      43. Defendants deny each allegation of Paragraphs 52 and 53 of the FAC.

10     44. Defendants state that the 2003 LIMRA survey speaks for itself and

11 otherwise deny each allegation of Paragraph 54 of the FAC.

12     45. Defendants deny each allegation of Paragraph 55 of the FAC.

13     46. Defendants deny that Mr. Btadini was their agent and otherwise deny any

14 agency allegations. Mr. Btadini became the Migliaccios' agent years before selling

15 them a Midland annuity and acted as the Migliaccios' agent in proposing that they

16 replace their Conseco annuity. Defendants lack knowledge or information sufficient

17 to form a belief as to the truth of the allegations relating to Estate Planning Services

18 and Insurance Services. Defendants admit that Mr. Btadini was appointed by Midland

19 to offer Midland annuity contracts. Defendants admit that Mr. Migliaccio represented

20 that he was 73 years old in his annuity contract application. Defendants admit that

21 Mr. Migliaccio entered into the Migliaccio Annuity Contract. Defendants further

22 admit the terms and conditions of the Migliaccio Annuity Contract, as set forth

23 therein. Except as thus expressly admitted or denied, Defendants deny each remaining

24 allegation of Paragraph 56 of the FAC.

25     47. Defendants admit that Mr. Migliaccio purchased the Migliaccio Annuity

26 Contract. Except as thus expressly admitted, Defendants lack knowledge or

27 information sufficient to form a belief as to the truth of the remaining allegations of

28 Paragraph 57 of the FAC and on that basis deny each remaining allegation of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9864549.2-MTSAI

1    Paragraph 57 of the FAC.

2        48.    Defendants state that the Migliaccio Annuity Contract and the Conseco

3    Annuity contract speak for themselves and deny each allegation of Paragraph 58 of

4    the FAC.

5        49.    Defendants deny each allegation of Paragraphs 59 and 60 of the FAC.

6        50.    Defendants admit that Midland received a Certificate of Death with

7    respect to Mr. Migliaccio which stated that he died on May 31, 2004. Defendants

8    admit the terms and conditions of the Migliaccio Annuity Contract, as set forth

9    therein. Except as thus expressly admitted, Defendants deny each remaining

10   allegation of Paragraph 61 of the FAC.

11       51.    Defendants deny that Mrs. Migliaccio has sustained any injury, damage

12   or loss by reason of any act, error or omission by Defendants or otherwise, deny that

13   Defendants are liable to Mrs. Migliaccio for any damages or other remedy, and

14   otherwise deny each allegation of Paragraph 62 of the FAC.

15       52.    Defendants admit that Edgar L. McLean ("McLean") was appointed by

16   Midland to offer Midland annuity contracts but deny that McLean was their agent and

17   otherwise deny any agency allegations. Defendants admit that Mr. Kaiser, through

18   First Regional Bank as custodian, entered into an annuity contract with Midland

19   ("Kaiser Annuity Contract"). Defendants lack knowledge or information sufficient to

20   form a belief as to the truth of the allegations relating to the interactions between Mr.

21   Kaiser and McLean and on that basis deny each such allegation. Except as thus

22   expressly admitted or denied, Defendants deny each remaining allegation of

23   Paragraph 63 of the FAC.

24       53.    Defendants admit that Mr. Kaiser represented that he was 73 years old on

25   his annuity contract application. Defendants further admit the terms and conditions of

26   the Kaiser Annuity Contract, as set forth therein. Except as thus expressly admitted,

27   Defendants deny each remaining allegation of Paragraph 64 of the FAC.

28       54.    Defendants admit that Mr. Kaiser paid an initial premium of $149,700.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 7 –

DOCSOAK-9864549.2-MTSAI

1 | Except as thus expressly admitted, Defendants lack knowledge or information

2 | sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65

3 | of the FAC and on that basis deny each such allegation.

4 |     55.    Defendants admit the allegations of Paragraph 66 of the FAC.

5 |     56.    Defendants admit the terms and conditions of the Kaiser Annuity

6 | Contract, as set forth in the contract, which speaks for itself. Except as thus expressly

7 | admitted, Defendants deny each remaining allegation of Paragraph 67 of the FAC.

8 |     57.    Defendants deny that Mr. Kaiser has sustained any injury, damage or loss

9 | by reason of any act, error or omission by Defendants or otherwise, deny that

10 | Defendants are liable to Mr. Kaiser for any damages or other remedy, and otherwise

11 | deny each allegation of Paragraph 68 of the FAC.

12 |     58.    Defendants admit that Ms. Miller was appointed by Midland to offer

13 | Midland annuity contracts but deny that Ms. Miller was their agent and otherwise

14 | deny any agency allegations. Defendants admit that Ms. Munoz represented that she

15 | was 76 years old on her annuity contract application. Except as thus expressly

16 | admitted, Defendants lack knowledge or information sufficient to form a belief as to

17 | the truth of the remaining allegations of Paragraph 69 of the FAC and on that basis

18 | deny each such allegation.

19 |     59.    Defendants admit that Ms. Munoz entered into an annuity contract with

20 | Midland (the "Munoz Annuity Contract"). Defendants admit the terms and conditions

21 | of the Munoz Annuity Contract, as set forth in the contract, which speaks for itself.

22 | Defendants lack knowledge or information sufficient to form a belief as to the truth of

23 | the allegations pertaining to the source of the funds Ms. Munoz used to purchase the

24 | Munoz Annuity Contract and on that basis deny each such allegation. Except as thus

25 | expressly admitted, Defendants deny each remaining allegation of Paragraph 70 of the

26 | FAC.

27 |     60.    Defendants deny each allegation of Paragraphs 71 and 72 of the FAC.

28 |     61.    Defendants admit that Ms. Munoz requested a partial surrender under the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

1  Munoz Annuity Contract in the amount of $26,592.95 and that Ms. Munoz incurred

2  surrender charges in connection with such surrender.  Except as thus expressly

3  admitted, Defendants lack knowledge or information sufficient to form a belief as to

4  the truth of the remaining allegations of Paragraph 73 of the FAC and on that basis

5  deny each such allegation.

6        62.  Defendants deny that Ms. Munoz has sustained any injury, damage or

7  loss by reason of any act, error or omission by Defendants or otherwise, deny that

8  Defendants are liable to Ms. Munoz for any damages or other remedy, and otherwise

9  deny each allegation of Paragraph 74 of the FAC.

10        63.  Defendants deny each allegation of Paragraphs 75, 76, 77, 78 and 79 of

11  the FAC.

12        64.  Defendants deny that Plaintiffs or the class of persons Plaintiffs purport

13  to represent have sustained any injury, damage or loss by reason of any act, error or

14  omission by Defendants or otherwise and deny that Defendants are liable to any

15  Plaintiff for any damages or other remedy.  The remaining allegations of Paragraph 80

16  of the FAC constitute legal conclusions to which no response is required.

17        65.  Defendants deny each allegation of Paragraphs 81, 82, 83, 84, 85, 86 and

18  87 of the FAC.

19        66.  Defendants deny that they have engaged in any conduct that violates 18

20  U.S.C. § 1341, 18 U.S.C. § 1343, or any other law.  The remaining allegations of

21  Paragraph 88 of the FAC constitute legal conclusions to which no response is

22  required.

23        67.  Defendants deny each allegation of Paragraphs 89, 90, 91, 92, 93 and 94

24  of the FAC.

25        68.  Defendants deny that Plaintiffs or the class of persons Plaintiffs purport

26  to represent have sustained any injury, damage or loss by reason of any act, error or

27  omission by Defendants or otherwise and deny that Defendants are liable to any

28  Plaintiff for any damages or other remedy.  Defendants further deny each remaining

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 9 –

DOCSOAK-9864549.2-MTSAI

1   allegation of Paragraph 95 of the FAC.

2        69.   Defendants deny each allegation of Paragraphs 96 and 97 of the FAC.

3        70.   Defendants deny that they have engaged in a pattern of racketeering

4   activity or conducted the affairs of any racketeering enterprise. Defendants state that

5   Section 1962(c) of RICO speaks for itself. The remaining allegations of Paragraph 98

6   of the FAC constitute legal conclusions to which no response is required.

7        71.   Defendants deny each allegation of Paragraph 99 of the FAC.

8        72.   Defendants deny that they engaged in a conspiracy to defraud Plaintiffs

9   or the class of persons Plaintiffs purport to represent in the sale of deferred annuities.

10  Defendants state that Section 1962(d) of RICO speaks for itself. The remaining

11  allegations of Paragraph 100 of the FAC constitute legal conclusions to which no

12  response is required.

13       73.   Defendants state that the FAC speaks for itself and otherwise deny each

14  allegation of Paragraph 101 of the FAC.

15       74.   Defendants deny each allegation of Paragraph 102 of the FAC.

16       75.   Defendants state that the FAC speaks for itself. Defendants deny that

17  Plaintiffs are entitled to the relief described in Paragraph 103 of the FAC and deny

18  each remaining allegation of Paragraph 103 of the FAC.

19       76.   Defendants deny each allegation of Paragraphs 104, 105, 106, 107, 108,

20  109, 110, 111, 112 and 113 of the FAC.

21       77.   Responding to Paragraph 114 of the FAC, Defendants incorporate by

22  reference their responses to Paragraphs 1 through 113 of the FAC as if fully set forth

23  herein.

24       78.   Defendants deny that Plaintiffs or the class of persons Plaintiffs purport

25  to represent are entitled to the relief described in Paragraphs 115, 116 and 117 of the

26  FAC and deny each remaining allegation of Paragraphs 115, 116 and 117 of the FAC.

27       79.   Defendants state that 18 U.S.C. § 1964(a) speaks for itself. Defendants

28  deny that Plaintiffs are entitled to the relief described in Paragraph 118 of the FAC

                                  – 10 –                    DOCSOAK-9864549.2-MTSAI

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    and deny each remaining allegation of Paragraph 118 of the FAC.

2           80.    Responding to Paragraph 119 of the FAC, Defendants incorporate by

3    reference their responses to Paragraphs 1 through 113 of the FAC as if fully set forth

4    herein.

5           81.    Defendants state that the statutes cited in Paragraph 120 of the FAC

6    speak for themselves and otherwise deny each allegation of Paragraph 120 of the

7    FAC.

8           82.    Defendants admit that Mr. Migliaccio, Mr. Kaiser, and Ms. Munoz

9    represented in their respective annuity contract applications that they were over the

10   age of 65.  Except as thus expressly admitted, Defendants deny each remaining

11   allegation of Paragraph 121 of the FAC.

12          83.    Defendants lack knowledge or information sufficient to form a belief as

13   to the truth of the allegations of Paragraph 122 and on that basis, deny each allegation

14   of Paragraph 122 of the FAC.

15          84.    Defendants deny each allegation of Paragraphs 123 and 124 of the FAC.

16          85.    Defendants deny that Plaintiffs or putative class members have sustained

17   any injury, damage or loss, by reason of any act, error or omission by Defendants or

18   otherwise and deny that Defendants are liable to any Plaintiff or putative class

19   member for any damages or other remedy.  Defendants further deny each remaining

20   allegation of Paragraph 125 of the FAC.

21          86.    Defendants deny that Plaintiffs or putative class members have sustained

22   any injury, damage or loss, by reason of any act, error or omission by Defendants or

23   otherwise and deny that Defendants are liable to any Plaintiff or putative class

24   member for any damages or other remedy.  Defendants further deny each remaining

25   allegation of Paragraph 126 of the FAC.

26          87.    Responding to Paragraph 127 of the FAC, Defendants incorporate by

27   reference their responses to Paragraphs 1 through 113 of the FAC as if fully set forth

28   herein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    88.    Defendants deny each allegation of Paragraphs 128 and 129 of the FAC.

2    89.    Defendants deny that Plaintiffs or putative class members have sustained

3    any injury, damage or loss, by reason of any act, error or omission by Defendants or

4    otherwise and deny that Defendants are liable to any Plaintiff or putative class

5    member for any damages or other remedy.  Defendants further deny each remaining

6    allegation of Paragraph 130 of the FAC.

7    90.    Defendants deny each allegation in Paragraph 131 of the FAC.

8    91.    Defendants deny that they have been unjustly enriched at the expense of

9    Plaintiffs or putative class members in any amount.  Defendants deny that Plaintiffs or

10   putative class members have sustained any injury, damage or loss, by reason of any

11   act, error or omission by Defendants or otherwise and deny that Defendants are liable

12   to any Plaintiff or putative class member for any damages or other remedy.

13   Defendants further deny each remaining allegation of Paragraph 132 of the FAC.

14   92.    Defendants deny that Plaintiffs or putative class members are entitled to

15   the relief described in Paragraph 133 of the FAC and deny each remaining allegation

16   of Paragraph 133 of the FAC.

17   93.    Defendants deny that Plaintiffs or putative class members are entitled to

18   the relief described in Paragraph 134 of the FAC, and Defendants deny each

19   remaining allegation of Paragraph 134 of the FAC.

20   94.    Responding to Paragraph 135 of the FAC, Defendants incorporate by

21   reference their responses to Paragraphs 1 through 112 of the FAC as if fully set forth

22   herein.

23   95.    Responding to Paragraph 136 of the FAC, Defendants state that

24   California Business & Professions Code §17500, *et seq.*; 73 Pa. Cons. Stat. Ann. §§

25   201-1 *et seq.*; and 50 Ill. Admin. Code tit. 50, §909.50 speak for themselves.

26   96.    Defendants deny each allegation of Paragraphs 137, 138 and 139 of the

27   FAC.

28   97.    Defendants state that Midland's written materials speak for themselves

– 12 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9884549.2-MTSAI

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   and otherwise deny each allegation of Paragraph 140 of the FAC.

2       98.   Defendants deny each allegation of Paragraphs 141, 142 and 143 of the

3   FAC.

4       99.   Defendants deny that Plaintiffs or putative class members are entitled to

5   the relief described in Paragraph 144 of the FAC and deny each remaining allegation

6   of Paragraph 144 of the FAC.

7       100.   Responding to Paragraph 145 of the FAC, Defendants incorporate by

8   reference their responses to Paragraphs 1 through 113 of the FAC as if fully set forth

9   herein.

10      101.   Defendants deny each allegation of Paragraphs 146, 147, 148, 149 and

11  150 of the FAC.

12      102.   Defendants deny that Plaintiffs or putative class members have sustained

13  any injury, damage or loss, by reason of any act, error or omission by Defendants or

14  otherwise and deny that Defendants are liable to any Plaintiff or putative class

15  member for any damages or other remedy.  Defendants further deny each remaining

16  allegation of Paragraph 151 of the FAC.

17      103.   Defendants deny that Plaintiffs or putative class members are entitled to

18  the relief described in Paragraph 152 of the FAC and deny each remaining allegation

19  of Paragraph 152 of the FAC.

20      104.   Defendants deny that Plaintiffs are entitled to the relief described in

21  Paragraph 153 and deny each remaining allegation of Paragraph 153 of the FAC.

22      105.   Responding to Paragraph 154 of the FAC, Defendants incorporate by

23  reference their responses to Paragraphs 1 through 113 as if fully set forth herein.

24      106.   Defendants deny each allegation of Paragraphs 155 and 156 of the FAC.

25      107.   Defendants deny that Plaintiffs or putative class members are entitled to

26  the relief described in Paragraph 157 of the FAC and deny each remaining allegation

27  of Paragraph 157 of the FAC.

28      108.   Responding to Paragraph 158 of the FAC, Defendants hereby incorporate

1    by reference their responses to Paragraphs 1 through 113 of the FAC as if fully set

2    forth herein.

3            109.   Defendants deny each allegation of Paragraphs 159, 160, 161, 162, 163,

4    164, 165, 166, 167 and 168 of the FAC.

5            110.   Defendants deny that Plaintiffs or putative class members are entitled to

6    the relief described in Paragraph 169 of the FAC and deny each remaining allegation

7    of Paragraph 169 of the FAC.

8            111.   Responding to Paragraph 170 of the FAC, Defendants hereby incorporate

9    by reference their responses to Paragraphs 1 through 113 of the FAC as if fully set

10   forth herein.

11           112.   Defendants deny each allegation of Paragraph 171, 172, 173, 174, 175,

12   176, 177, 178 and 179 of the FAC.

13           113.   Responding to Paragraph 180 of the FAC, Defendants hereby incorporate

14   by reference their responses to Paragraphs 1 through 113 of the FAC as if fully set

15   forth herein.

16           114.   Defendants deny each allegation of Paragraph 181, 182, 183, 184, 185,

17   186, 187 and 188 of the FAC.

18           115.   Defendants deny that Plaintiffs or putative class members have sustained

19   any injury, damage or loss, by reason of any act, error or omission by Defendants or

20   otherwise and deny that Defendants are liable to any Plaintiff or putative class

21   member for any damages or other remedy.  Defendants further deny each remaining

22   allegation of Paragraph 189 of the FAC.

23           116.   Defendants deny that Plaintiffs or putative class members are entitled to

24   the relief described in Paragraph 190 of the FAC and deny each remaining allegation

25   of Paragraph 190 of the FAC.

26           117.   Defendants deny that Plaintiffs or putative class members are entitled to

27   the relief described in Paragraph 191 of the FAC and deny each remaining allegation

28   of Paragraph 191 of the FAC.

1      118.   Responding to Paragraph 192 of the FAC, Defendants hereby incorporate

2   by reference their responses to Paragraphs 1 through 113 of the FAC as if fully set

3   forth herein.

4      119.   Defendants deny each allegation of Paragraph 193 of the FAC.

5      120.   Defendants deny that Plaintiffs or putative class members are entitled to

6   the relief described in Paragraph 194 of the FAC and deny each remaining allegation

7   of Paragraph 194 of the FAC.

8      121.   Defendants deny each allegation of Paragraph 195 of the FAC.

9      122.   Plaintiffs' CLRA cause of action has been dismissed from this action and

10   on that basis Defendants deny each allegation relating to any alleged violation of the

11   CLRA.

12      123.   Defendants deny each allegation of the FAC not expressly admitted

13   above and further deny that Plaintiffs are entitled to any relief whatsoever on the

14   purported claims alleged in the FAC

15

16                  **AFFIRMATIVE AND SPECIAL DEFENSES**

17   Defendants asserts the following affirmative defenses:

18                       **FIRST AFFIRMATIVE DEFENSE**

19                      (Failure to State a Cause of Action)

20      1.     The FAC fails to state facts sufficient to constitute a cause of action

21   against Defendants.

22                    **SECOND AFFIRMATIVE DEFENSE**

23                               (Estoppel)

24      2.     Plaintiffs, Mr. Migliaccio, and the class of persons Plaintiffs purport to

25   represent knowingly and voluntarily accepted, retained and entered into annuity

26   contracts with Midland and agreed to the contract terms thereof and retained the

27   benefits of those contracts.  In addition, Plaintiffs, Mr. Migliaccio, and putative class

28   members were provided with individualized and detailed disclosures of the terms,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 15 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  provisions, risks and benefits of the annuity contracts in question, and signed

2  agreements acknowledging they understood and accepted the terms of the agreements.

3  Defendants relied on these agreements.  Accordingly, Plaintiffs, Mr. Migliaccio, and

4  the putative class members were fully and fairly informed of the terms and conditions

5  of the annuity contracts referred to in the FAC, no material information was withheld

6  from them, and they are estopped from asserting any claim against Defendants.

7                          **THIRD AFFIRMATIVE DEFENSE**

8                                    (No Damages)

9       3.    Plaintiffs have suffered no damages by reason of any act or omission by

10  Defendants.

11                        **FOURTH AFFIRMATIVE DEFENSE**

12                                    (Standing)

13      4.    Plaintiff Carmen Migliaccio does not have standing to bring her claims.

14                         **FIFTH AFFIRMATIVE DEFENSE**

15                                    (Privilege)

16      5.    The FAC and each claim therein are barred because the acts and

17  statements of Defendants were privileged.

18                         **SIXTH AFFIRMATIVE DEFENSE**

19        (Failure to State a Claim for Punitive Damages or Injunctive Relief)

20      6.    The FAC fails to state facts sufficient to recover punitive or exemplary

21  damages or injunctive relief.

22                        **SEVENTH AFFIRMATIVE DEFENSE**

23                   (Civil Code Section 3294 Unconstitutional)

24      7.    California Civil Code Section 3294, under which Plaintiffs' claims for

25  punitive damages are made, are unconstitutional both facially and as applied to

26  Defendants pursuant to the First, Fifth, Sixth, Eighth and Fourteenth Amendments to

27  the Constitution of the United States; Article I, Sections 7, 9, 10, 15 and 17, and

28  Article IV, Sections 2 and 16 of the California Constitution; and similar provisions of

DOCSOAK-9864549.2-MTSAI

DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT;
Case No. 2:06-CV-01007-CAS (MANx)

1 | other state constitutions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Violation of Rights to Equal Protection)

8.     The provisions of state law limiting the amount of punitive damages which may be awarded in specified types of cases, while permitting unlimited exemplary damages for other tortious conduct, unlawfully discriminates against defendants who are subject to unlimited exemplary damage awards, such as Defendants in favor of defendants not subject to unlimited exemplary damage awards. Such discrimination violates the Fifth and Fourteenth Amendments of the United States Constitution; Article I, Section 7, and Article IV, Sections 2 and 16 of the California Constitution; and similar provisions of other state constitutions.

## NINTH AFFIRMATIVE DEFENSE

### (Due Process)

9.     The application of state law permitting an award of exemplary damages in this action is vague, imprecise and inconsistent and in violation of the Fifth and Fourteenth Amendments to the United States Constitution; Article I, Section 7 of the California Constitution; and similar provisions of other state constitutions.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

10.     Plaintiffs failed to file the FAC within a reasonable amount of time, to the prejudice of Defendants. Therefore, Plaintiffs are estopped by the doctrine of laches from asserts the causes of action in the FAC and each of them.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

11.     Plaintiffs, Mr. Migliaccio, the class of persons Plaintiffs purport to represent, and their agents failed to exercise ordinary care, caution, and prudence to avoid the injuries, losses, or damages alleged in the FAC and thereby directly and proximately caused and contributed to such injuries, losses, or damages. For that

– 17 –

1   reason, Plaintiffs, Mr. Migliaccio, and the class of persons Plaintiffs purport to

2   represent are barred from obtaining the relief sought.

3                    **TWELFTH AFFIRMATIVE DEFENSE**

4                         (Mitigation of Damages)

5          12.   Plaintiffs and the class of persons Plaintiffs purport to represent are

6   barred from relief because they have failed to take reasonable and necessary steps to

7   mitigate their alleged damages.

8                    **THIRTEENTH AFFIRMATIVE DEFENSE**

9                         (Comparative Fault)

10         13.   Plaintiffs, Mr. Migliaccio, the class of persons Plaintiffs purport to

11  represent, and their agents did not exercise ordinary care, caution and prudence in

12  connection with the transactions and events that are alleged in the FAC. Plaintiffs'

13  lack of care, caution and prudence were independent and unrelated to the actions, if

14  any, of Defendants. Defendants deny that Plaintiffs or the class of persons Plaintiffs

15  purport to represent have sustained any injury, damage or loss, by reason of any act,

16  error or omission by Defendants or otherwise and deny that Defendants are liable for

17  any damages or other remedy. Moreover, Plaintiffs and the class of persons Plaintiffs

18  purport to represent directed, ordered, approved and/or ratified the alleged wrongful

19  acts set forth in the FAC, if any, acts of which Defendants deny entirely. Plaintiffs

20  and the class of persons Plaintiffs purport to represent are therefore barred from

21  recovery against Defendants, or alternatively, Plaintiffs' recovery, if any, should be

22  proportionately reduced.

23                    **FOURTEENTH AFFIRMATIVE DEFENSE**

24                         (Negligence or Conduct of Others)

25         14.   Defendants are informed and believe, and upon such information and

26  belief allege, that Plaintiffs' and the putative class members' alleged injuries and/or

27  damages, if any there were, which Defendants deny, were either wholly, or in part,

28  negligently or otherwise wrongfully caused by persons, firms, corporations or entities

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   other than Defendants, and said negligence and wrongful conduct reduces the

2   percentage of negligence or other liability, if any, of Defendants, which is denied.

3                        **FIFTEENTH AFFIRMATIVE DEFENSE**

4                             (Intervening Cause or Fault)

5           15.    Plaintiffs, the class of persons Plaintiffs purport to represent, and their

6   agents, or other persons or entities not named in the FAC were careless, negligent, or

7   otherwise at fault, and this carelessness, negligence or fault proximately caused or

8   contributed to the happening of the incidents referred to in the FAC.

9                        **SIXTEENTH AFFIRMATIVE DEFENSE**

10                             (Parol Evidence Rule)

11          16.    Plaintiffs are barred by the Parol Evidence Rule from asserting the claims

12  contained in the FAC.

13                       **SEVENTEENTH AFFIRMATIVE DEFENSE**

14                              (Statute of Frauds)

15          17.    Plaintiffs are barred by the Statute of Frauds from asserting some or all of

16  the claims contained in the FAC.

17                       **EIGHTEENTH AFFIRMATIVE DEFENSE**

18                             (Statutes of Limitations)

19          18.    Plaintiffs' claims and each of them are barred by the applicable statutes

20  of limitation.

21                        **NINETEENTH AFFIRMATIVE DEFENSE**

22                 (Failure to Allege Fraud with Sufficient Particularity)

23          19.    Plaintiffs have failed to allege fraud with sufficient particularity to state a

24  cause of action against Defendants.

25                        **TWENTIETH AFFIRMATIVE DEFENSE**

26                              (No Duty to Disclose)

27          20.    Plaintiffs' claims are barred because Defendants did not have a duty to

28  disclose to Plaintiffs facts allegedly concealed.

DOCSOAK-9884549.2-MTSAI

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  ## TWENTY-FIRST AFFIRMATIVE DEFENSE

2  (No Intent to Deceive)

3       21.    Some or all of Plaintiffs' claims are barred because Defendants lacked

4  the intent to deceive.

5  ## TWENTY-SECOND AFFIRMATIVE DEFENSE

6  (Payment and Accord and Satisfaction)

7       22.    Some or all of the causes of action by Plaintiffs are barred by Midland's

8  payments of contract benefits to Plaintiffs and other members of the purported class,

9  and/or an accord and satisfaction.

10  ## TWENTY-THIRD AFFIRMATIVE DEFENSE

11  (Several Liability)

12       23.    The liability of Defendants, if any, is limited to several liability with

13  respect to all non-economic damages.

14  ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

15  (Sanctions)

16       24.    This action was not warranted by existing law as against Defendants

17  and/or was brought against Defendants for an improper purpose.  Therefore,

18  Defendants are entitled to sanctions for Plaintiffs' violation of Rule 11 of the Federal

19  Rules of Civil Procedure.

20  ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

21  (Consent)

22       25.    Plaintiffs and the class of persons Plaintiffs purport to represent

23  consented to and approved all of the acts and omissions about which Plaintiffs now

24  complain, and are barred from pursuing this action.

25  ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26  (Justification)

27       26.    The alleged acts and omissions of Defendants were justified by the

28  information and facts available to Defendants at the time such acts, omissions and

DOCSOAK-9864549.2-MTSAI

1   statements occurred.

2   ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

3   (Ratification and Acquiescence)

4       27.    The FAC and all claims set forth therein are barred by the ratification and

5   acquiescence of Plaintiffs and the class of persons Plaintiffs purport to represent.

6   ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

7   (Lack of Standing)

8       28.    Some of the persons Plaintiffs purport to represent are not real parties in

9   interest and do not have standing to bring the claims set forth in the FAC.

10  ## TWENTY-NINTH AFFIRMATIVE DEFENSE

11  (Waiver)

12      29.    Plaintiffs and the persons they purport to represent, by their words,

13  conduct and agreements, have waived the claims set forth in the FAC.

14  ## THIRTIETH AFFIRMATIVE DEFENSE

15  (Release)

16      30.    Plaintiffs and the persons Plaintiffs purport to represent have released the

17  claims set forth in the FAC.

18  ## THIRTY-FIRST AFFIRMATIVE DEFENSE

19  (Knowledge, Consent and Agreement)

20      31.    The FAC and each claim set forth therein are barred by the knowledge of,

21  and consent and agreement to, the matters alleged by Plaintiffs and the persons they

22  purport to represent.

23  ## THIRTY-SECOND AFFIRMATIVE DEFENSE

24  (Consistent With Law and Applicable Regulations)

25      32.    The FAC and each claim set forth therein are barred because Defendants'

26  conduct was consistent with the law and applicable regulations.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Claims Barred by Contract Provisions)

33.   Some or all of the claims or complaints of Plaintiffs and/or the putative class members are barred by the express provisions of their respective annuity contracts.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

34.   The FAC and each claim set forth therein are barred because Defendants' conduct was in good faith.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Statutory Compliance)

35.   Defendants have complied and are complying with all applicable provisions of state statutes regulating the sale of annuity contracts.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Enjoinable Conduct)

36.   The FAC, and each cause of action alleged therein, fails to show any entitlement to the remedy of injunctive relief because they fail to state facts sufficient to show continuing acts, the threat of irreparable harm, inadequacy of a legal remedy, or a reasonable likelihood of repetition of the alleged conduct if it were in fact established to be wrongful.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Violation of Commerce Clause)

37.   The FAC and each claim therein are barred and are unconstitutional because they violate the Commerce Clause of the United States Constitution in that, among other things, they seek to regulate the out-of-state business of insurance through the exercise of a state's judicial power.

DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT;
Case No. 2:06-CV-01007-CAS (MANx)

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

(Primary Jurisdiction of Insurance Commissioner)

38.     The FAC, and each claim alleged therein, are barred by the doctrine of primary jurisdiction in that the claims and conduct alleged in the FAC require the resolution of issues that the state Legislatures have placed within the special competence of the states' Insurance Commissioners.  The Insurance Commissioners have at their disposal a pervasive and self-contained system of administrative procedures to address the precise issues raised by the FAC and the FAC demonstrates a paramount need for the specialized fact-finding expertise of the Insurance Commissioners.  Without prior action by the Insurance Commissioners, there exists a substantial danger that application of the insurance statutes and regulations involved in this case will not be uniform.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(Conduct Not Unlawful)

39.     Defendants' practices put in issue by the FAC are not unlawful in that Defendants has complied with all laws alleged in the FAC to have been violated.

**FORTIETH AFFIRMATIVE DEFENSE**

(Class Action Improper - Lack of Typicality)

40.     Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 as Plaintiffs' claims are not typical of the claims of the purported classes.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Class Action Improper - No Predominance of Common Questions)

41.     Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 as the questions of law and/or fact common to the purported classes do not predominate over the questions affecting the individual members of the purported classes.

DOCSOAK-9664549.2-MITSAI

DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT;
Case No. 2:06-CV-01007-CAS (MANx)

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Class Action Improper - Not Adequate Representatives)

42.   Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 as Plaintiffs are not adequate representatives.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Class Action Inferior)

43.   Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 because class action treatment is inferior to individual resolution of claims arising under Midland's various annuity contracts.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Reasonably Available Alternative Sources of Supply)

44.   At all relevant times, Midland's insureds and policyholders had available one or more reasonably available alternative sources of supply and therefore cannot claim unfairness or unconscionability in the terms of their contracts with Midland.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Class Action Improper - Not a Member of the Class)

45.   Plaintiffs' action is not proper for class certification pursuant to FRCP 23 because Mrs. Migliaccio is not a member of the class she seeks to represent and cannot adequately represent its interests.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Class Action Improper - Variations in State Law)

46.   Plaintiffs' action is not proper for class certification pursuant to FRCP 23 because variations in state law make class treatment inappropriate.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with and Approval by State Insurance Regulations)

47.   The policy contracts at issue in this litigation were approved by and/or filed with the states' Departments of Insurance if such approval or filing was required and Midland has complied with all relevant insurance regulations with regard to the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  approval and maintenance of those contracts.

2  ## FORTY-EIGHTH AFFIRMATIVE DEFENSE

3  (Absence of Indispensable Parties)

4      48.    The FAC, and each claim therein, are barred to the extent that Plaintiffs

5  seek adjudication of the claims of absent parties, relief based upon the claims of

6  absent parties, and/or remedies or judgment in favor of absent parties over whom this

7  Court has no jurisdiction.

8  ## FORTY-NINTH AFFIRMATIVE DEFENSE

9  (Public Policy)

10      49.    The FAC and each claim therein are barred by the public policy of the

11  states in which Midland offers annuity contracts.

12  ## FIFTIETH AFFIRMATIVE DEFENSE

13  (Unconstitutionality)

14      50.    The demands for restitution and/or disgorgement in the FAC are

15  unconstitutional because they seek to impose an excessive fine within the meaning of

16  the Excessive Fines clause of the United States Constitution, Amendment VIII; the

17  California Constitution, Article I, § VII; and similar provisions of other state

18  constitutions.

19  ## FIFTY-FIRST AFFIRMATIVE DEFENSE

20  (No Ratification)

21      51.    The FAC, and each claim therein, are barred because Defendants did not

22  ratify any alleged misconduct on the part of independent brokers.

23  ## FIFTY-SECOND AFFIRMATIVE DEFENSE

24  (No Duty Regarding Suitability)

25      52.    To the extent some or all of the Plaintiffs' claims are based on the

26  premise that Defendants had a duty or obligation to determine whether Midland's

27  annuity contracts were "suitable" for issuance, such claims fail to state a cause of

28  action. No such duty existed for some of the annuity sales.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   **FIFTY-THIRD AFFIRMATIVE DEFENSE**

2   (Election of Remedies)

3   53.    The FAC and each claim therein are barred by the election of remedies

4   by Plaintiffs and the persons Plaintiffs purport to represent.

5   **FIFTY-FOURTH AFFIRMATIVE DEFENSE**

6   (No Injury In Fact)

7   54    Some or all of the Plaintiffs did not suffer any injury in fact.

8   **FIFTY-FIFTH AFFIRMATIVE DEFENSE**

9   (Absence of Contractual Relationship)

10  55.    To the extent some or all of Plaintiffs' claims are premised on the law of

11  contracts, such claims fail to state a cause of action as to SFG because Plaintiffs and

12  the class of persons Plaintiffs purport to represent, did not enter into a contract with

13  SFG.

14  **FIFTY-SIXTH AFFIRMATIVE DEFENSE**

15  (No Duty)

16  56.    To the extent some or all of the Plaintiffs' claims are based on the

17  premise that SFG had a duty or obligation to Plaintiffs, such claims fail to state a

18  cause of action.  No such duty existed.

19  **FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

20  (No Standing Under RICO)

21  57.    Plaintiffs lack standing to bring an action under 18 USC § 1964 because

22  they have not been injured in their business or property by reason of a violation of 18

23  USC § 1962.

24  **FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

25  (Other Defenses)

26  58.    Defendants specifically gives notice that they intend to rely upon such

27  other defenses as may become available by law or pursuant to statute or during

28  discovery proceedings of this case and hereby reserve the right to amend the Answer

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   to assert such defenses.

2        WHEREFORE, Defendants pray for judgment as follows:

3        1.      That Plaintiffs take nothing;

4        2.      For an adjudication and a declaration that Midland's contracts are

5   enforceable;

6        3.      For Defendants' costs of suit and reasonable attorneys' fees incurred

7   herein, and for sanctions; and

8        4.      For such other relief as the Court may deem just and proper.

9        DATED: February 27, 2007

10                                      REED SMITH LLP

11

12                                      By
                                           Thomas A. Evans
13                                         Attorneys for Defendants
                                           Midland National Life Insurance Company
14                                         and Sammons Financial Group, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCSOAK-9864549.2-MTSAI

DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT;
Case No. 2:06-CV-01007-CAS (MANx)