UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re MIDLAND NATIONAL LIFE INSURANCE CO. ANNUITY SALES PRACTICES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MDL No. CV-07-1825-CAS(MANx)<br>[CV06-1007-CAS(MANx) & CV07-3631-CAS(MANx)]<br>AMENDED PROPOSED FINDINGS SUPPLEMENTING FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE THEREON (DKT. NO. 463) |

Plaintiffs' Motion to Supplement the Final Order Approving Class Action Settlement and Final Judgment of Dismissal with Prejudice Thereon (Dkt. No. 463) ("Final Order and Judgment") is GRANTED.

Exercising its discretion as the finder of facts relevant to judicial approval under Federal Rule of Civil Procedure 23, the Court makes the findings below to facilitate appellate review. The findings below are implicit in, and supplement, the findings already made in the Final Order and Judgment. Indeed, the findings below largely formalize the Court's determinations at the final approval hearing. *See* Declaration of Kevin K. Green Supporting Plaintiffs' Motion (1) for Indicative Ruling and (2) to Supplement the Final Order Approving Class Action Settlement and Final Judgment of Dismissal with Prejudice Thereon (Dkt. No. 463) ("Green Decl."), Ex. A (transcript).

The Court is "not required, in making findings, to mention every item of evidence and either adopt it or reject it." *W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1285 (9th Cir. 1984). Nonetheless, to enable appellate review in this action, specific items of evidence are referenced below as illustrative, but not exclusive, evidence supporting a particular finding. It is "presume[d] that the judge considers all of the evidence," and the Court here has done so while "reject[ing] what does not support the finding" made. *Id.*

Based on careful and thorough review of the existing record – the district court file and the many hearings conducted in this action – the Final Order and Judgment are hereby supplemented with the following findings:

1. Uncontroverted evidence was presented, and the Court finds, that the settlement value made available to the class is, at a minimum, $79.538 million. This is an excellent result for the class. To determine the value, a distinguished actuary analyzed the settlement, and the value of its components, based on his extensive experience and sound actuarial principles, using conservative assumptions. Dkt. No. 433. Based on its close familiarity with the record, the Court reiterates its prior

finding that the settlement is not only fair and adequate, but easily within a range of reasonableness warranting approval. Dkt. No. 463 at 2-3 of 9; *see also* Dkt. No. 449 at 11-28 of 35.

2. The Court reviewed all declarations and other evidence supporting class counsel's request for an attorney fee and expense award. Dkt. Nos. 423-433. Class counsel presented uncontroverted evidence demonstrating an aggregate lodestar of $16.05 million, which the Court finds to be reasonable. *See, e.g.*, Dkt. No. 424 at 20 of 39 (referencing supporting declarations). Class counsel presented uncontroverted evidence demonstrating aggregate recoverable expenses of $1.89 million, which the Court finds to be reasonable. *See, e.g.*, Dkt. No. 424 at 31 of 39 (referencing supporting declarations). Class counsel, however, requested $13.97 million for fees and expenses, or nearly $4 million voluntarily cut from their reasonable lodestar and expenses. Dkt. No. 423 at 2 of 8. Exercising its discretion, the Court awarded a slightly lesser amount of $13.9465 million. Dkt. No. 463 at 4 of 9. The award therefore reflects a 22% reduction – effectively a negative multiplier – from the reasonable lodestar and expenses. In approving the settlement and fee award, the Court commended class counsel for seeking "less than" what the law would have presumed reasonable. Green Decl., Ex. A at 5 (final approval hearing).

3. The Court finds that even though this case might have merited a positive multiplier in light of the result obtained, the attorney fees and expenses awarded are commensurate with class counsel's reduced request negotiated at an arm's length mediation before the Honorable Dickran Tevrizian (ret.). The amount awarded is further justified given that the matter was litigated on a contingency basis for more than five years, with no assurance that class counsel would be paid for their extensive efforts on behalf of plaintiffs and the class.

4. In determining reasonable compensation to class counsel, the Court is mindful that this litigation was especially complex. As the Court observed for several years, the litigation called upon a high level of skill and experience in class actions for

plaintiffs to succeed against defendant Midland National Life Insurance Company ("Midland"), which also had first-rate legal representation. Based on the Court's review of the record and familiarity with local hourly rates, the Court finds that the hourly rates sought by all attorneys and other professionals who worked on the case for class counsel are reasonable for complex, contingent-fee class litigation in Los Angeles. Over the span of more than five years, class counsel reviewed hundreds of thousands of documents, attended dozens of hearings and conducted depositions of 11 corporate executives and 8 expert witnesses. The parties litigated class certification and summary judgment, among other things, and also battled over expert qualifications under *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). *See, e.g.*, Dkt. No. 425 at 5-11 of 31. Given that the litigation was contentious, lengthy and at times very labor-intensive for class counsel, the time expended by all attorneys and other professionals was time reasonably spent.

5. Assuming *arguendo* that the settlement benefit here and class counsel's award may be viewed as a "constructive common fund," the Court has conducted a percentage cross-check to confirm the reasonableness of class counsel's award. The combined minimum value of the settlement ($79.538 million) and the award ($13.9465 million) is $93.4845 million. The award is 14.92% of a "constructive common fund" (assuming, again, such a fund here for analytical purposes). This percentage is significantly less than the Ninth Circuit's 25% benchmark for reasonableness in common fund situations. A percentage cross-check thus confirms that class counsel's award in this action is reasonable. To simplify the calculation, the incentive awards to the representative plaintiffs, class notice costs and other expenses are excluded, but the Court observes that including these items would only reduce the percentage of class counsel's award below what is already a reasonable percentage fee and expense award.

6. Uncontroverted evidence was presented, and the Court finds, that class counsel and Midland negotiated and finalized their Settlement Agreement (Dkt. No.

399-1) ***before*** commencing negotiations on attorney fees and expenses. *See, e.g.*, Dkt. No. 425 at 11-12 of 31. As the Court stated previously, the record reflects that the parties negotiated the substantive terms of the proposed class settlement at arm's length without any hint of collusion. Dkt. No. 463 at 3 of 9. As Midland's counsel observed, the parties held "over a dozen mediation sessions" – sometimes litigating issues in between – before resolving all issues. Green Decl., Ex. A at 10. The proposed settlement terms were negotiated in two separate mediations before two highly respected professional mediators, the Honorable Edward Wallin (ret.) and the Honorable Dickran Tevrizian (ret.). As the Court emphasized at the final approval hearing, "skilled judicial officers worked on negotiating the settlement" of this class litigation. *Id.* at 5.

7. Importantly, the material economic terms of the proposed settlement were memorialized in a written Memorandum of Understanding filed with the Court ***before*** the parties began negotiations over the amount of the attorney fees and expenses that would be sought by class counsel. Dkt. No. 425 at 12 of 31. When the parties failed to reach agreement on the amount of attorney fees and expenses to be awarded to class counsel, they agreed to participate in another mediation before Judge Tevrizian to resolve their differences. Midland ultimately assented to a "clear sailing" provision, a common feature of classwide settlements, only after extensive and sometimes contentious mediation proceedings before Judge Tevrizian. Midland understandably sought to cap its potential monetary exposure for attorney fees and expenses. On this record, there is and can be no serious contention that the ceiling amount set on the potential award of attorney fees and expenses to be sought by class counsel, or Midland's ultimate agreement not to object to the amount of the award sought by class counsel, were the product of collusion or anything other than vigorous, arm's length negotiations. For the same reasons, there is no colorable argument that the settlement provision obligating Midland to pay only the amount ultimately awarded by the Court as attorney fees and expenses somehow reflects

collusion. This provision is largely irrelevant in this case because the Court awarded nearly all of the fees and expenses sought by class counsel (albeit much less than their reasonable lodestar). Only $23,500 in residual was returned to Midland, a modest amount given the aggregate value of the settlement to the class.

8. In conclusion, the Court underscores its comments at the final approval hearing summarizing what the Court found in its Final Order and Judgment issued the same day:

> I can bear witness to the fact that this has been a hard fought litigation. I can bear witness to the fact that the settlement is arm's length and that Judge Tevrizian and the other judges involved have worked very hard. That to me is the significance of the involvement of the mediator.
>
> I have looked at . . . the terms of the settlement. I think they are fair. I think that the incentive awards are fair. I think the attorney fees which are certainly less than the Loadstar in the case are appropriate. And so for those reasons, I intend to overrule the objections and to approve the settlement and the award of attorneys' fees. I note for the record that the settlement was achieved separate and apart from any discussion of attorneys' fees in a separate mediation and that is exactly what should happen in these cases.

Green Decl., Ex. A at 13.

\* \* \*

SO ORDERED this _____7th_____ day of ___November___, 2012

_____
THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE